IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MARZUQ AL-HAKIM,
    Plaintiff,

vs.                                        Case No. 4:05cv230/MMP/EMT

JAMES V. CROSBY, JR., et al.,
    Defendants.
_____/

## ORDER

        Plaintiff initiated this action by filing a civil rights complaint pursuant to Title 42 U.S.C. § 1983 on July 1, 2005 (Doc. 1).  Plaintiff alleges Defendants have impermissibly taken funds from his inmate account in violation of the Fifth and Fourteenth Amendments, and he seeks injunctive and declaratory relief (Doc. 1 at 8).

        On August 2, 2005, leave to proceed in forma pauperis was granted to the extent that the case could proceed without prepayment of the entire filing fee, and Plaintiff was directed to pay an initial partial filing fee in the amount of $10.00 on or before September 2, 2005 (Doc. 8).  Plaintiff filed a motion for reconsideration of the order directing him to pay the initial partial filing fee (Doc. 9).  On September 1, 2005, Plaintiff's motion for reconsideration was denied by U.S. Magistrate Judge Allan Kornblum (Doc. 13).  Plaintiff appealed Judge Kornblum's order to U.S. District Judge Maurice Paul (Doc. 15).  Judge Paul affirmed Judge Kornblum's order, but granted Plaintiff an extension to October 15, 2005 to either pay the filing fee or file documentation showing that liens on Plaintiff's account were preventing him from using account funds to pay the fee (Doc. 16).  Plaintiff filed a response in which he attempted to show an inability to use account funds to pay the fee (Doc. 17); however, Judge Kornblum found the response insufficient to waive the filing fee and again ordered Plaintiff to submit the $10.00 filing fee, although Plaintiff was given until October

28, 2005 to submit payment (Doc. 19).  Plaintiff was specifically advised if he failed to comply, it would be recommended that his case be dismissed for failure to prosecute (*id.*).  Additionally, Plaintiff has previously been advised that no action will be taken with regard to his claims until the initial partial filing fee is received (Doc. 8).

Plaintiff again appealed to Judge Paul, asserting that Judge Kornblum's order regarding Plaintiff's response was erroneous (Doc. 20).  The appeal has not been resolved, and Plaintiff has not submitted the filing fee; however, Plaintiff has continued to file documents in this case, including a Notice of Filing of Supplemental Authority (Doc. 18), as well as various motions, including a "Motion for Order to Show Cause and Motion [sic] Declaratory Judgment Order"(Doc. 6) and a "Request for Scheduled Hearing and U.S. Court Reporter, Telephonically" (Doc. 7).[1]

In his "Motion for Order to Show Cause and Motion [sic] Declaratory Judgment Order" (Doc. 6), Plaintiff effectively raises a jurisdictional issue by requesting that the court issue an order to show cause why this action should not be dismissed on jurisdictional grounds, yet he requests that the court exercise jurisdiction by issuing a declaratory judgment on his claims (*id.*).  In his "Request for Scheduled Hearing and U.S. Court Reporter, Telephonically" (Doc. 7), Plaintiff requests that the court sue sponte issue a writ, pursuant to 28 U.S.C. § 1651(b).  As Plaintiff was previously advised, no action will be taken on  his claims until the matter of the filing fee is resolved.  Furthermore, as the matter of the filing fee has not been resolved, this court has yet to undertake its statutory duty to screen the complaint, as required by 28 U.S.C. § 1915(e).  Until such time as the court conducts its screening function, any motions requesting hearings or resolution of Plaintiff's claims will be denied as premature.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Order to Show Cause and Motion [sic] Declaratory Judgment Order" (Doc. 6) and "Request for Scheduled Hearing and U.S. Court Reporter, Telephonically" (Doc. 7) are **DENIED**.

---

[1]More recently, Plaintiff has filed the following motions:  "Motion for Judgement on the Pleadings" (Doc. 24); "Verified Motion for Temporary Restraining Order and/or Preliminary Injunction [sic] Relief" (Doc. 25); and "Motion to Waive Requirements for Bond or Security on Motion for TRO or Injunctive Relief" (Doc. 26).

Case No.:  4:05cv230/MMP/EMT

**DONE AND ORDERED** this 28<span>th</span> day of February 2006.

                                        /s/ *Elizabeth M. Timothy*
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**