IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARZUQ AL-HAKIM, #839504,
    Plaintiff,

vs.                                        Case No.:  4:05cv230/MMP/EMT

JAMES CROSBY, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on July 2, 2005 (Doc. 1).  The court previously granted Plaintiff's motion to proceed in forma pauperis (IFP) (Doc. 8).[1]  The court granted the motion based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, this court vacates the order granting Plaintiff's IFP motion.

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim.  Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

---

[1] Plaintiff filed a motion to reconsider the order granting IFP, asserting that he could not comply with the requirement that he pay an initial partial filing fee in the amount of $10.00 (Doc. 9).  Plaintiff's motion for reconsideration was denied (Doc. 13), and he appealed the denial to the District Court (Doc. 15). The District Judge affirmed the Magistrate Judge's decision, to the extent that Plaintiff was given additional time within which to pay the initial partial filing fee or demonstrate his inability to do so (Doc. 16).  Plaintiff attempted to demonstrate an inability to pay (Doc. 17), but the Magistrate Judge concluded that the initial partial filing fee was still required (Doc. 19).  Plaintiff again appealed the Magistrate Judge's order to the District Court (Doc. 20), and that appeal is pending.  In the meantime, however, this case was reassigned to the undersigned, who has concluded that Plaintiff is not entitled to proceed IFP.  If this Report and Recommendation is adopted, Plaintiff's appeal to the District Court (and other pending motions) will be moot.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court notes that Plaintiff previously filed a civil rights case in this district, Case No. 4:00cv383/WS, which was dismissed on November 16, 2000 because Plaintiff failed to exhaust administrative remedies[2] (Doc. 28). Plaintiff appealed the dismissal, and the appeal was dismissed by the Eleventh Circuit as frivolous (Docs. 46, 48). Those two dismissals count as "strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff also filed another civil rights case, Case No. 4:01cv429/WS, which was similarly dismissed by this court for failure to state a claim and because the claims were barred by the statute of limitations (Doc. 16). Plaintiff also appealed that dismissal, and the appeal was dismissed by the Eleventh Circuit as frivolous (Doc. 30). Those two dismissals similarly count as "strikes" pursuant to 28 U.S.C. §1915(g). Indeed, Plaintiff's status as a "three-striker" was recently recognized by this court in Case No. 4:05cv506/WS/WCS (Docs. 4, 6). Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $350.00[3] filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915.

In the instant complaint, Plaintiff alleges that the Florida Department of Corrections impermissibly garnishes deposits made into his inmate bank account (Doc. 1 at 7-8). He seeks declaratory and injunctive relief, including restoration of his funds and a declaration that "100% taking, freezing account is wrong" (*id.* at 8).

---

[2] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

[3] The filing fee has increased to $350.00 since Plaintiff filed the complaint in the instant case. Should he initiate a new action, he must pay the new filing fee.

Case No.: 4:05cv230/MMP/EMT

Case 4:05-cv-00230-MP-EMT   Document 30   Filed 04/21/06   Page 3 of 4

Page 3 of 4

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g), as his claims concern only the handling or processing of funds in his inmate bank account.

Because Plaintiff did not pay the $250.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this court's order permitting him to proceed such shall be vacated, and this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

1. The court's previous order (Doc. 8) granting Plaintiff's motion to proceed in forma pauperis (Doc. 2) is hereby **VACATED**.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

3. The clerk of court shall mail a copy of this order to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk. The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 4:05cv230/MMP/EMT.

And it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 21st day of April 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**